UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EUGENE CALABRESE, D.O., and
COLONY MEDICAL GROUP, PC,

        Plaintiffs,

v.

        Case Number 06-13908-BC
        Honorable Thomas L. Ludington

ST. MARY'S OF MICHIGAN,
HEALTH PLUS OF MICHIGAN, INC.,
GEORGE ROLLER, M.D., FAITH
ABBOT, D.O, MEDLY A. LARKIN, D.O.,
and CHARLES JESSUP, D.O., jointly and
severally,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS,
DISMISSING COUNT ONE OF THE AMENDED COMPLAINT
WITH PREJUDICE, DISMISSING REMAINING STATE LAW CLAIMS
WITHOUT PREJUDICE, AND DISMISSING HEALTH
PLUS OF MICHIGAN AS A PARTY DEFENDANT**

On February 15, 2007, the Court issued an order granting in part and denying in part the defendants' motion to dismiss the plaintiffs' complaint alleging violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and various state law causes of action. Of primary importance, the Court found that the plaintiffs' complaint did not state a cause of action under the Sherman Act. As a threshold, the plaintiffs "failed to plead facts directly or inferentially that would identify the relevant geographic market." Order at 4. Similarly, the plaintiffs' claim of monopolization under section 2 was insufficient, in the Court's view, because they "made no showing of the defendants' capacity to affect the overall market." *Id.* at 5. In light of the liberal provisions of Federal Rule of Civil Procedure 15(a) for amending pleadings, the Court extended the plaintiffs an opportunity to remedy the identified deficiencies by filing an amended complaint. On April 17, 2007, the plaintiffs

filed an amended complaint. The defendants subsequently filed a second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which is presently before the Court.

The Court heard oral argument on July 23, 2007 and now concludes that the plaintiffs have failed to remedy the deficiencies in their initial complaint. A review of the amended complaint reveals that the plaintiffs merely reorganized and restated facts from the initial complaint. They still do not identify a coherent theory of the relevant product or geographic markets. Nor have they made the requisite showing of market power to plead a viable antitrust cause of action.

The amended complaint further fails to set forth sufficient facts to plead a viable antitrust conspiracy. The pleading contains the single allegation that "Defendant Health Plus carbon copied Defendant Hospital as to the personal and private communications between Defendant Health Plus and Plaintiffs." Am. Compl. at 84. Plainly, this averment is insufficient under the law because it provides no evidence of an agreement, an essential part of any conspiracy. *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 221 (4th Cir. 1994) (reasoning that it is appropriate to dismiss a conspiracy claim when plaintiffs fail to "provide any factual support for their allegations that a conspiracy existed"); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (concluding that Rule 8's notice pleading standard, while liberal, requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." A claim that does not cross "the line from conceivable to plausible . . . must be dismissed"). The plaintiffs' amended complaint is woefully lacking.

In its February 15, 2007 order, the Court determined, in its view, that remaining state law causes of action in the initial complaint were viable. However, since there no longer is a predicate for this Court's federal question jurisdiction, and complete diversity does not exist in this case, the

Court believes that the better exercise of discretion is to dismiss those claims without prejudice. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) (reasoning that, as a general rule, the dismissal of claims over which the federal court had original jurisdiction creates a presumption in favor of dismissing without prejudice any state-law claims that accompanied it to federal court); *Weeks v. Portage County Executive Offices,* 235 F.3d 275, 279 (6th Cir. 2000) (observing that section 1367(c) "permit[s] the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction").

Accordingly, it is **ORDERED** that the defendants' joint motion to dismiss [dkt # 25] is **GRANTED**, count one of the amended complaint is **DISMISSED WITH PREJUDICE**, the remaining state law claims are **DISMISSED WITHOUT PREJUDICE**, and defendant Health Plus of Michigan is **DISMISSED** as a party defendant.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: July 25, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS
